UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Elizabeth Clark,<br><br>            Plaintiff,<br>    v.<br><br>Law Offices of John C. Bonewicz, P.C.; and DOES 1-10, inclusive,<br><br>            Defendants. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff, Elizabeth Clark, says by way of Complaint against Defendant, Law Offices of John C. Bonewicz, P.C., as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, Elizabeth Clark ("Plaintiff"), is an adult individual residing in Port Monmouth, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Law Offices of John C. Bonewicz, P.C. ("Bonewicz"), is a Illinois business entity with an address of 8001 North Lincoln Avenue, Suite 402, Skokie, Illinois 60077, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Bonewicz and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Bonewicz at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $17,963.00 (the "Debt") to GE Capital (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Bonewicz for collection, or Bonewicz was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Bonewicz Engages in Harassment and Abusive Tactics

12.     Within the last year, Bonewicz contacted Plaintiff in an attempt to collect the Debt.

13.     During initial conversation with Bonewicz, Plaintiff informed Bonewicz that the Debt was incurred by her husband and that Plaintiff had no knowledge of the Debt.

14.     In response, Bonewicz threatened to file a legal action against Plaintiff if $9,000.00 was not received immediately.

15.     Bonewicz stated that if Plaintiff hung up the phone, the sheriff would be sent to her door immediately, causing fear and distress to Plaintiff.

16.     Bonewicz threatened Plaintiff with garnishment without having legal authority or present ability to garnish Plaintiff's wages.

17.     Bonewicz used loud and aggressive language with Plaintiff, accusing her of lying and evading her responsibilities, constantly yelling and interrupting Plaintiff in an effort to intimidate her into making an immediate payment. Plaintiff felt extremely oppressed and upset and was brought to tears by the end of conversation.

18.     On several occasions, Bonewicz contacted Plaintiff's parents-in-law and Plaintiff's sister and stated that Plaintiff owed the Debt.

### C. Plaintiff Suffered Actual Damages

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

26. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

**<u>TRIAL BY JURY DEMANDED ON ALL COUNTS</u>**

Dated: March 2, 2012

                                  Respectfully submitted,

                                  By: <u>/s/ Sofia Balile</u>

                                  Sofia Balile, Esq.
                                  Lemberg & Associates LLC
                                  1100 Summer Street
                                  Stamford, CT 06905
                                  Phone: (917) 981-0849
                                  Fax: (203) 653-3424